IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TERRY JIMENEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-11-CV-329-KC |
| § | |
| MAYFIELD LUMBER AND § | |
| CONTAINER CORPORATION, § | |
| § | |
| Defendant. § | |

## ORDER

On this day, the Court considered Defendant Mayfield Lumber and Container Corp.'s ("Mayfield" or "Defendant") "Motion to Dismiss Plaintiff's Amended Complaint" ("Motion"), ECF No. 7. For the reasons set forth herein, the Motion is **GRANTED** in part.

### I.    BACKGROUND

Plaintiff brings this action to recover losses and enforce and/or clarify rights related to her participation and interest in an Employee Stock Ownership Program ("ESOP") governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Compl. ¶ 3. Patrick Thomson,[1] the "owner or president" of Western Playland, Inc. ("Western Playland"), and Defendant Mayfield Lumber and Container Corporation are allegedly the ESOP's plan administrators. Compl. ¶¶ 6, 10.

---

[1] The Complaint refers to "Patrick Thompson." *See generally* Compl. However, Defendant has brought it to the Court's attention that the correct spelling is "Thomson." Mot. ¶ 9 n.2. The Court therefore uses the correct spelling.

1

Plaintiff was employed by Western Playland for approximately twenty-two years. Compl. ¶ 8. During her time at Western Playland, Plaintiff participated in and received a vested interest in the ESOP. Compl. ¶ 8. Plaintiff resigned from her job at Western Playland in September, 2004. Compl. ¶ 9.

After her resignation, Plaintiff sought and received yearly status updates about the ESOP from Thomson. Compl. ¶ 10. Thomson "always" responded that "everything [plan] is going great." Compl. ¶ 10 (alteration in original). At some point between 2004 and 2009, Plaintiff attempted to contact Thomson to ascertain whether Western Playland would be interested in "buying back her shares." Compl. ¶ 11. Plaintiff was unable to reach Thomson regarding this inquiry. Compl. ¶ 11.

In December 2009, Plaintiff received a letter from Thomson stating that "her retirement plan had endured losses of over $260,000.00." Compl. ¶ 12. The Complaint describes three events that led to this loss. First, Western Playland and Thomson wanted "out of its [lease] contract with El Paso County." Compl. ¶ 14. Second, "Western Playland and/or Defendant" took out a $3,000,000.00 loan (the "loan") in 2004 or 2005. Compl. ¶ 15. Third, Thomson engaged in a self-dealing transaction with Western Playland. Compl. ¶ 16. Specifically, in May of 2006, Western Playland used the loan to finance moving its main attraction rides from El Paso County to Sunland Park, New Mexico after leasing property in Sunland Park, New Mexico from PRT, Inc. ("PRT"). Compl. ¶¶ 15, 16. Thomson was the president of PRT at the time the lease was executed. Compl. ¶ 16. As a result of this move, Western Playland's share price — and thus the ESOP's value — dropped precipitously. Compl. ¶ 17.

In sum, Plaintiff apparently alleges that Thomson misled Plaintiff regarding the ESOP's

earnings and status. Compl. ¶¶ 10-11. Further, Plaintiff claims Thomson engaged in a self-dealing transaction with Western Playland in which Thomson induced Western Playland to make a fiscally irresponsible choice to move its location so that Thomson could profit from Western Playland's lease with PRT. *See* Compl. ¶¶ 14-18. Plaintiff alleges these facts show Defendant breached its fiduciary duties of loyalty, reasonable care, and diversification.[2] Compl. ¶ 18. As a result of Defendant's breach, Plaintiff claims she lost the value of her ESOP. Compl. ¶¶ 14, 19. Plaintiff brings this ERISA action pursuant to 29 U.S.C. § 1132(a)(1)(B) for breach of fiduciary duty. Compl. ¶¶ 3, 18-21.

## II. DISCUSSION

### A.   Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it

---

[2] In particular, Plaintiff alleges Defendant breached its fiduciary duties in "one or more" of the following ways:
    a.    in failing to act solely in the interest of plan participants;
    b.    in failing to act for the exclusive purposes of providing benefits to participants and their beneficiaries and of defraying reasonable expenses of administering the plan;
    c.    in failing to exercise the same care, skill, prudence, and diligence that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims;
    d.    in failing to adequately diversify plan assets. ERISA requires that plan fiduciaries diversify plan investments so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and/or
    e.    in failing to discharge his or her duties in accordance with the documents and instruments governing the plan, to the extent the documents do not violate ERISA.
Compl. ¶ 18.

The Court notes that ESOP fiduciaries are not subject to the duty to diversify plan assets. 29 U.S.C. § 1104(a)(2); *see also Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 249 (5th Cir. 2008). Thus, Plaintiff's Complaint fails insofar as it alleges a breach of the duty to diversify.

fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Id.* at 570; *Colony Ins.*, 647 F.3d at 252.  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.     Analysis**

Defendant claims that Plaintiff has not pleaded sufficient facts to state a claim under ERISA.  Specifically, Defendant argues that Plaintiff's Complaint does not attribute any breach in fiduciary duty to Defendant; instead, the conduct described in the Complaint is attributable to Thomson and Western Playland, both non-parties to this suit.  Mot. ¶ 15; "Def.'s Reply to Pl.'s

Resp. to Def.'s Mot. to Dismiss Pl.'s Am. Compl." ("Reply") ¶ 2, ECF No. 9.  Further, Defendant claims there was no breach of fiduciary duty.  Defendant highlights the Complaint's failure to set forth the terms of the ESOP or address "how decisions made in running the actual business of Western Playland itself would be subject to the terms" of the ESOP.  Mot. ¶ 7.  Thus, Defendant argues, Plaintiff's Complaint has not set forth facts alleging Defendant acted as a fiduciary or breached a duty in relation to the actions subject to complaint.  Reply ¶ 4.

Plaintiff relies almost entirely on the Federal Rules of Civil Procedure's liberal pleading standard to oppose Defendant's Motion.  *See* "Terry Jimenez's Resp. to Def.'s Mot. to Dismiss Pl.'s Am. Compl. Pursuant to FRCP Rule 12(b)(6)" ("Response") 3-6, ECF No. 8.  Plaintiff's sole substantive argument opposing Defendant's Motion is a conclusory statement that Thomson failed to act solely in Plaintiff's interest when he facilitated the lease agreement between PRT and Western Playland.  Resp. 6-7.

                **1.**     **Proper Parties**

As an initial matter, the Court believes it is necessary to address whether Defendant is a proper party to this suit.  As Defendant points out in its Motion, "[v]ery few of the allegations [in the Complaint] involve Mayfield, the only named Defendant herein."  Mot. ¶ 8.  Instead, the Complaint outlines actions and decisions made by Thomson and Western Playland.  *See* Compl.  The nature of Defendant's connection with Western Playland and Thomson is unclear from the face of the Complaint.

Defendant's Motion clarifies that in 2005 "Mayfield . . . was merged into Western Playland, Inc., with Western Playland, Inc. being the surviving entity."  Mot. ¶ 1 n.1.  However, neither the Complaint nor the parties' briefs in this case discuss the merger's effect on the ESOP,

Defendant's corporate status, or whether the ESOP was initially established by Defendant or Western Playland. Therefore, it is unclear whether Defendant is a proper party to this suit. *See, e.g., Borst v. Chevron Corp.*, 36 F.3d 1308, 1313-22 (5th Cir. 1994) (providing an example of the complexities of merger agreements in relation to ERISA plans); *Bernal v. Randall's Food & Drugs, Inc.*, No. CA 3-96-CV-3464-R, 1998 WL 246640, at *2 n.8 (N.D. Tex. Mar. 24, 1998) (describing the confusion that can occur regarding the proper parties in an ERISA suit after a merger) .

However, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court is limited to considering the actual contents of the pleadings and the documents either attached or incorporated by reference into a complaint. *See Collins*, 224 F.3d at 498. The Complaint does not mention a merger. According to the Complaint, Defendant's only connections to Western Playland and Thomson are (1) the fact that Thomson is Defendant's registered agent and able to receive service of process on behalf of Defendant, and (2) the fact that Defendant is one of the ESOP's plan administrators. Compl. ¶ 6. Because the Court does not consider facts outside of the pleadings, the Court does not recognize the merger for purposes of this Motion.

        2.        **Plaintiff does not state a claim for breach of fiduciary duty**

ERISA regulates the administration of employee benefit plans by, inter alia, imposing fiduciary duties and standards of conduct on the fiduciaries of employee benefit plans. 29 U.S.C. § 1001(b). Further, ERISA provides employee benefit plan participants with a civil right of action to enforce or clarify their rights and/or recover past or future benefits. *See* 29 U.S.C. § 1132(a)(1). In the case of claims involving an alleged breach of fiduciary duty, the "threshold question" is whether the person or entity charged with the breach was, in fact, acting in a

fiduciary capacity when committing the alleged breach.  *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

### a. Fiduciary capacity

ERISA defines a fiduciary as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

ERISA requires every employee benefit plan to be established pursuant to a written instrument containing the names of one or more plan fiduciaries.  29 U.S.C. § 1102(a)(1).  However, a person or entity not named in the plan may become a "functional fiduciary" by exercising decision-making authority or control over the plan.  *In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861, 872-73 (S.D. Tex. 2004); *see also Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 251 (5th Cir. 2008) ("Fiduciary duties may thus arise either from the terms of the governing plan or from acts and practices in carrying it out.").  Thus, a person not named in the plan may become a fiduciary by managing or administering the plan.  *See Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996).

However, a person is only considered a fiduciary when acting in a fiduciary capacity.  *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 418 (5th Cir. 1990).  Thus, "fiduciary status is to be determined . . . not only by reference to particular titles such as 'plan administrator,' . . . but also by considering the authority which a particular person or entity

exercises over the employee benefit plan at issue." *Id.* Defendant's fiduciary status is therefore "correlative with the scope of [its] duties." *Kirschbaum*, 526 F.3d at 251.

Here, Plaintiff has not alleged that Defendant is a named fiduciary. Instead, Plaintiff has stated that Defendant is a plan administrator and plan fiduciary, thus implying that Defendant exercises some form of discretionary authority over the ESOP's administration. *See* Compl. ¶¶ 6, 19. However, Plaintiff has failed to assert facts in her Complaint regarding the extent of Defendant's duties to the ESOP, the scope of Defendant's authority, or even the ESOP's basic terms. Plaintiff must include factual information about Defendant's duties, authority, or discretion under the ESOP in order to successfully allege that Defendant was a fiduciary. *See Milofsky v. Am. Airlines, Inc.*, 404 F.3d 338, 342 (5th Cir. 2005) (holding a complaint must "identify any specific discretion or decision making authority" to survive a Rule 12(b)(6) motion to dismiss); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009) ("[Plaintiffs must] allege the specifics of what ERISA and the Plan required of the [fiduciaries], their duties, or the when, what, and where of their alleged breaches."). Because Plaintiff has provided nothing more than conclusory statements that Defendant acted as a fiduciary,[3] the Court determines that Plaintiff has failed to meet the "threshold" necessary to state a claim for breach of a fiduciary duty. *See Pegram*, 530 U.S. at 226.

### b. Co-fiduciary liability

Even if Plaintiff had included facts establishing Defendant's fiduciary status, Plaintiff does not allege that Defendant ever exercised its fiduciary authority. Plaintiff's Complaint

---

[3] Compl. ¶ 6 ("Defendant MAYFIELD LUMBER AND CONTAINER CORPORATION, who is the Plan Administrator . . ."); Compl. ¶ 19 ("The Defendant was the plan fiduciary.").

alleges that Thomson and Western Playland — not Defendant — took the actions and made the decisions that allegedly led to Plaintiff's loss. Compl. ¶¶ 11, 14-16; *see also* Resp. 6-7. Nevertheless, it seems that Plaintiff believes Western Playland's and Thomson's breach of fiduciary duty may somehow be imputed to Defendant. *See* Compl. ¶¶ 8, 10-16. Assuming Thomson and Western Playland were fiduciaries in relation to these acts,[4] Plaintiff may be asserting that Defendant is liable for Thomson and Western Playland's breach as a co-fiduciary.

An ERISA fiduciary may be liable for a co-fiduciary's breach if (a) the fiduciary "participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach"; (b) if the fiduciary "has enabled such other fiduciary to commit a breach"; or (c) if the fiduciary "has knowledge of a breach" by the co-fiduciary and does not make "reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. § 1105(a). Plaintiff has failed to allege any facts that would indicate Defendant knowingly aided or failed to correct Thomson's or Western Playland's actions. Thus, Plaintiff cannot successfully allege co-fiduciary liability.

### c.   Breach of fiduciary duty

Even assuming Plaintiff had established that Defendant acted in a fiduciary capacity or that Defendant could be liable for its co-fiduciary's breach, none of the actions or decisions described in the Complaint constitute a breach of fiduciary duty. The Court addresses the alleged breaches in turn.

---

[4] It is likely that Plaintiff has not, in fact, properly asserted that Thomson and Western Playland are fiduciaries because Plaintiff fails to include factual information about Thomson and Western Playland's duties, decision-making authority, or discretion to administer the ESOP. *See supra* Part II(B)(2). However, because Thomson and Western Playland are not parties to this case, the Court refrains from analyzing their fiduciary status.

i.  **Business decisions**

Plaintiff alleges that Thomson, as plan administrator and "owner or president" of Western Playland, breached a variety of fiduciary duties. Compl. ¶¶ 10, 13. When an employer is also an ESOP fiduciary, courts recognize that the employer must sometimes make business decisions that collaterally affect employee benefit plans. *Pegram*, 530 U.S. at 223-26. As another court in this District has held:

> "There is a clear distinction between employers acting as fiduciaries on behalf of the plan, and employers pursuing reasonable business decisions on behalf of the corporation. ERISA does not require that 'day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants.'"

*Bakner v. Xerox Corp. Emp. Stock Ownership Plan*, No. SA-98-CA-0239-OG, 2000 WL 33348191, at *5-6 (W.D. Tex. Aug. 28, 2000).

Thus, actions that are considered "business decisions" are not subject to fiduciary obligations. *See Pegram*, 530 U.S. at 226; *Kirschbaum*, 526 F.3d at 248 ("Congress . . . has encouraged plan ownership of employer stock and has exempted such investments from certain of ERISA's fiduciary requirements.").

In determining whether decisions were made in an employer capacity or in a plan administrator capacity, "it is the nature of the acts taken by an employer — not the intent behind them — that determines in what capacity the employer acted." *Westrich-James v. Dall. Morning News, Inc.*, No. 3:07-CV-1329-G, 2009 WL 804109, at *3 (N.D. Tex. Mar. 25, 2009). Fiduciary acts are "discretionary acts of plan 'management' and 'administration,'" but do not include acts that are taken solely to further legitimate business interests. *See Varity*, 516 U.S. at 502; *Westrich-James*, 2009 WL 804109, at *3 ("This statutory scheme allows businesses to make employment decisions for business reasons without exposing themselves to possible effects on

prospective or contingent employee benefits.").

Plaintiff alleges that "the loss of her benefits was due in part to her previous employer . . . wanting out of its [lease] contract with El Paso County." Compl. ¶ 14. Additionally, Plaintiff claims that her loss resulted from "Western Playland Inc. and/or Defendant['s]" decision to take out a $3,000,000 loan. Compl. ¶ 15. Finally, Plaintiff alleges that Western Playland's lease with PRT led to the ESOP's drop in value. Compl. ¶ 16. There is no indication that any of these activities or decisions relate to the ESOP's management or administration. *See E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 798 (5th Cir. 2008) (distinguishing fiduciary and non-fiduciary acts based on whether they "occurred in the context of plan administration"). Without tying these acts and decisions to the administration or management of the ESOP, the Complaint cannot be construed as anything more than an assertion that poor business decisions had a negative collateral impact on the ESOP. This is not grounds for liability under ERISA. *See id.* at 798-99.

### ii.     Misrepresentations

Plaintiff also alleges that Thomson failed to "shar[e] all of the current information regarding her retirement plan" in response to Plaintiff's inquiries. Compl. ¶ 11. Thus, Plaintiff seems to allege that Thomson lied to her about the ESOP's value. Specifically, Plaintiff states Thomson told Plaintiff "everything [plan] is going great" during a time when Western Playland's shares were declining in value. Compl. ¶¶ 10, 17 (alteration in original).

An ESOP fiduciary breaches his duties if he "mislead[s] plan participants[,] misrepresent[s] the terms or administration of a plan," or fails to "convey complete and accurate information material to the beneficiary's circumstance." *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995) (citing *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12

F.3d 1292, 1300 (3d Cir. 1993); *Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir. 1993)).  Thus, Thomson may have breached a fiduciary duty by withholding or misrepresenting information about the value of the ESOP if the misrepresentations were fiduciary communications.  *Kirschbaum*, 526 F.3d at 256-57.  However, as discussed above, Thomson is not a named defendant, nor can the misrepresentations be imputed to Defendant based on the facts alleged in the Complaint.

The Court finds that Plaintiff has failed to plead an action for breach of fiduciary duty under ERISA.  Plaintiff has not provided facts that establish Defendant acted in a fiduciary capacity, nor has Plaintiff provided facts that establish a breach of fiduciary duty.  Indeed, it is unclear from Plaintiff's Complaint how Defendant is connected with the events described in the Complaint.  The Court therefore grants Defendant's Motion.

**III.   CONCLUSION**

For the foregoing reasons, Defendant Mayfield Lumber and Container Corp.'s "Motion to Dismiss Plaintiff's Amended Complaint," ECF No. 7, is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that the above-captioned case is **DISMISSED** without prejudice.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 20th day of January, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE